UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KIRBY,

    *Plaintiff*,

v.

WAYNE COUNTY SHERIFF
BENNY NAPOLEON,
CORPORAL PEOPLES,
WAYNE COUNTY, JOHN DOE 1-6,

    *Defendants*.

_____/

CASE NO. 12-CV-12039

DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
WAYNE COUNTY DEFENDANTS' MOTION FOR
SUMMARY DISPOSITION AND DISMISSAL**
(Doc. 32)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that:

• the motion be **GRANTED** as to Defendant Sheriff Benny Napoleon (identified as Defendant #1 in Plaintiff's Amended Complaint); Defendant Wayne County (Defendant #9); and three of the John Doe Defendants (identified as Defendants #2, #3, #4) pursuant to Plaintiff's voluntary agreement to dismiss these Defendants; and

• the motion be **DENIED** as to Defendant Corporal Peoples (Defendant #5) and the three John Doe defendants who are identified as Defendants #6, #7 and #8 in Plaintiff's Amended Complaint.

## II. REPORT

### A. Introduction

Plaintiff Robert Kirby, a state prisoner, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983, alleging that his rights were violated in 2009 when he was assaulted by several jail officers while he incarcerated as a pre-trial detainee at the Wayne County Jail in Detroit, Michigan. Plaintiff's motion to proceed without prepayment of fees and costs was granted by U.S. Magistrate Judge R. Steven Whalen. (Doc. 4.) On December 26, 2012, Plaintiff filed a First Amended Complaint. (Doc. 23.)

On April 5, 2013, the motion that is currently before the Court was filed by Defendants Wayne County, Wayne County Sheriff Benny Napoleon, and Corporal Peoples ("Defendants"). On May 22, 2013, Plaintiff responded in opposition to the motion. (Doc. 35.) Defendants filed a reply on June 10, 2013. (Doc. 36.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

### B. Motion Standards

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### C. Plaintiff's Allegations

Plaintiff alleges that on approximately October 17, 2009, while incarcerated at the Wayne County Jail, he called on the intercom to tell an officer that he needed medical attention for a broken hand. (Am. Compl., Doc. 23 ¶ 6, Pg ID 100.) Plaintiff alleges that he was told to come to the officers' station. Plaintiff states:

> When I came around, I pulled my wrap back and said, "see it's broken, I just need my meds." The officer, [C]orporal [P]eoples, then grabbed me by the right shoulder and shoved me, and I asked him what he was doing, then with both hands he shoved me and yanked me back, followed by reaching around and punching me on the right side of my face. He then slammed me on the ground, and with his knee on my head, he used what I believe was his thumb/finger to apply pressure between my left ear and jaw.

(*Id.*) Plaintiff avers that another officer then arrived (identified by Plaintiff as Defendant #6) and slammed Plaintiff into a pile of debris along the wall, punched him in the head and face, and stomped on his broken hand. (*Id.* ¶ 7.) Plaintiff alleges that two other officers who were standing nearby (Defendants #7 and #8) then helped to lift him off the ground and carry him down to the 13th floor, where they slammed him down, continued to beat him, and slapped the ceiling-mounted camera away, presumably to prevent the incident from being recorded. (*Id.* ¶¶ 8-9.) Finally, they threw Plaintiff into the bullpen. (*Id.* ¶ 10.)[1]

---

[1] In the Amended Complaint, Plaintiff assigned a number to each defendant as follows: Defendant #1 is identified as Wayne County Sheriff Benny N. Napoleon; Defendant #2 is "John Doe #1," the shift commander at the jail; Defendant #3 is "John Doe #2," the shift lieutenant; Defendant #4 is "John Doe #3," the shift sergeant; Defendant #5 is Corporal Peoples; Defendant #6 is "John Doe #4," a corporal assigned to the quarantine floor for first shift operations; Defendant #7 is "John Doe #5," a corporal assigned to the quarantine floor for first shift operations; Defendant #8 is "John Doe #6," a corporal assigned to or near quarantine floors for first shift operations; and Defendant #9 is Wayne County. (Am. Compl., Doc. 23, Pg ID 98-99.)

### D. Voluntary Dismissals Based Upon Plaintiff's Reply

Defendants move for dismissal on the ground that Plaintiff "fails to properly plead his claims, factually support his claims or carry his burden to show/identify such constitutional violation in regards to any Wayne County Defendant." (Doc. 32 ¶ 5.)

In Plaintiff's response to Defendants' motion, Plaintiff states that he "conceeds [sic] that all claims other than 14th Amendment violations against defendants 5, 6, 7 and 8 should be dismissed." (Doc. 35 at 1.)

Accordingly, I suggest that all claims other than the Fourteenth Amendment excessive force claims against Corporal Peoples (Defendant #5) and the three John Doe defendants identified as three corporals assigned to or near the quarantine floor for first shift operations (Defendants #6, #7 and #8) be dismissed pursuant to Plaintiff's voluntary agreement. In other words, I suggest that Defendant Sheriff Benny Napoleon, Defendant Wayne County, and three of the John Doe defendants (identified as Defendants #1, #2, #3, #4, and #9 in Plaintiff's Amended Complaint) be dismissed pursuant to Plaintiff's voluntary agreement to dismiss these defendants.

### F. Defendant Peoples & the 3 Remaining John Doe Defendants

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). Pretrial detainee claims, though they sound in the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)).

An Eighth Amendment claim requires that the plaintiff make a showing of deliberate indifference. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); *see also Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). In dealing with deliberate indifference claims in the past, the Sixth Circuit has enumerated several specific types of claims for factual scenarios that frequently arise. These types include, but are not limited to, conditions of confinement, excessive force, and medical needs. *See, e.g., Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (conditions of confinement and excessive force); *Harrison*, 539 F.3d at 518 (medical needs).

In this case, Plaintiff's remaining claims allege excessive force against Defendant Peoples and the three unnamed officers. The inquiry in excessive-force cases is about "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm[.]'" *Villegas v. Metropolitan Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). "Such a claim has both an objective and a subjective component. The objective component requires that the pain be serious. The subjective component requires that the offending, non-penal conduct be wanton." *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010) (internal quotation and citation omitted).

In this case, Plaintiff alleges that Defendant Peoples and Defendant #6 "intended to punish plaintiff . . . when they beat, punched, shoved, applied pressure to pressure point below ear, hung by neck, and screamed racial obscenities at plaintiff . . . [when he] had not been acting disruptively nor was he in violation of any of the rules, both Defendants use of excessive force was unwarranted . . . ." (Am. Compl., Doc. 23 ¶ 16, Pg ID 105.) Plaintiff also claims that Defendants #7 and #8 "slammed him down" and "continued to beat him," (*id*. ¶ 8), which "also violat[ed] the

5

Plaintiff's rights under the Fifth and Fourteenth amendments to the United States Constitution and caused Plaintiff pain, suffering, physical injury and emotional distress, and denied him equal protection of the law and due process." (*Id.* ¶ 17.)

Defendants move for dismissal, asserting that "Plaintiff[']s claims are ambiguous, insufficient, do not meet minimal pleading requirements and fail to sufficiently plead constitutional claims . . . ." (Doc. 32, Br. at 9.)

I suggest that Plaintiff's statement of his claims is sufficient under the pleading requirements to withstand summary dismissal. I find Plaintiff's allegations of being punched, shoved, and beaten to be unambiguous and to rise above a mere "blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556. Furthermore, Plaintiff included specific allegations that satisfy both the objective and subjective prongs of a deliberate indifference claim when he averred that these actions caused him pain, suffering and physical injury and that they were done with an intent to punish. (Am. Compl., Doc. 23 ¶¶ 16-17.)

Accordingly, I suggest that Defendants' motion to dismiss be denied with regard to Plaintiff's Fourteenth Amendment excessive force claims against Corporal Peoples (Defendant #5) and the three John Doe defendants identified as three corporals assigned to or near the quarantine floor of the Wayne County Jail for first shift operations (Defendants #6, #7 and #8).

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                                             s/ *Charles E Binder*
                                                                            CHARLES E. BINDER
Dated: September 5, 2013                      United States Magistrate Judge


**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Joseph Rogalski, and served by first class mail on Robert Kirby, #480952, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI, 48880-9210.

Date: September 5, 2013                By     s/*Jean L. Broucek*
                                                      Case Manager to Magistrate Judge Binder