UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KIRBY,

    *Plaintiff*,

v.

WAYNE COUNTY SHERIFF
BENNY NAPOLEON, *et al.*,

    *Defendants*.
_____/

CASE NO. 12-CV-12039

DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the three remaining John Doe defendants (identified Defendants #6, #7 and #8 in Plaintiff's Amended Complaint) be **DISMISSED WITH PREJUDICE** because Plaintiff failed to identify and serve these defendants pursuant to Rule 4(m) and the statute of limitations expired on Plaintiff's claims against these defendants.

**II.    REPORT**

In May 2012, Plaintiff Robert Kirby, a state prisoner, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983, alleging that his rights were violated in October 2009 when he was assaulted by several jail officers while he was incarcerated as a pre-trial detainee at the Wayne County Jail in Detroit, Michigan. Plaintiff's motion to proceed without prepayment of fees and costs was granted by U.S. Magistrate Judge R. Steven Whalen. (Doc. 4.) On June 14, 2012, the

case was referred to the undersigned magistrate judge to conduct all pretrial proceedings. (Doc. 7.) On December 26, 2012, Plaintiff filed a First Amended Complaint. (Doc. 23.) At this stage of the case, the remaining defendants are Corporal Peoples and three "John Doe" defendants.

Dismissal of "John Doe" defendants is proper where a plaintiff fails to identify and serve any Doe defendants within the 120 days provided for in Rule 4(m) of the Federal Rules of Civil Procedure. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007) (declining to find constructive notice where the plaintiff never substituted real names for the Doe defendants); *Searcy v. County of Oakland*, 735 F. Supp. 2d 759, 771 (E.D. Mich. 2010) ("Rule 4(m) applies equally to the pseudonymous defendants.")

In this case, since more than 120 days have elapsed since the filing of the complaint and the three remaining "John Doe" defendants have not been identified and served, I suggest that they are subject to *sua sponte* dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, at *1 (E.D. Mich. July 29, 2005) (citing *Awdish v. Pappas*, 159 F. Supp. 2d 672, 673 n.1 (E.D. Mich. 2001), and *Johnson v. City of Ecorse*, 137 F. Supp. 2d 886, 892 (E.D. Mich. 2001)).

Generally, a dismissal pursuant to Rule 4(m) would be without prejudice; however, in this case, I suggest that the dismissal be with prejudice because the 3-year statute of limitations applicable to prisoner civil rights actions, *see Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004), has expired on Plaintiff's claims against these defendants,[1] and Rule 15(c) does not apply in this situation to allow the identification of these defendants to relate back to the date

---

[1]This court may, on its own motion, apply the statute of limitations to a § 1983 claim by a prisoner. *See Hardin v. Straub*, 490 U.S. 536, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Redd v. Gilless*, 857 F. Supp. 601, 605 (W.D. Tenn. 1994).

of the original pleading. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (changing "John Doe" to named party did not "satisfy the 'mistaken identity' requirement of Rule 15(c). . . ." ).

In *Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012), the court addressed this situation and explained that because the plaintiff

> waited until the last day of the . . . limitations period to file his complaint, that left no time to discover the identity of his arresting officers within the relevant time. . . . [and] Rule 15(c) offers no remedy for this problem. The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Doe," "Unknown Defendants" or other missing appellations. Our approach is consistent with the holdings of every other circuit on this issue.

*Id.* at 69. Likewise, I suggest that in the instant case, where Plaintiff waited to file suit until two years and seven months of the three-year limitations period had passed, the same holds true. Therefore, I suggest that all remaining John Doe defendants be dismissed with prejudice and that the case proceed to discovery solely against Defendant Peoples.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

|  |  |
|---|---|
| Dated: October 15, 2013 | s/ Charles E. Binder<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Joseph Rogalski, and served by first class mail on Robert Kirby, #480952, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI, 48880-9210.

Date:  October 15, 2013          By     s/*Jean L. Broucek*
                                 Case Manager to Magistrate Judge Binder